IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANNY RAY LILES,            )
                            )
            Plaintiff,      )
                            )
        v.                  )   C.A. No. 19-565 (MN)
                            )
PROCTOR & GAMBLE COMPANY, et al., )
                            )
            Defendants.     )

**<u>MEMORANDUM OPINION</u>**

Danny Liles, FMC Rochester, Rochester, Minnesota, *Pro Se* Plaintiff.

June 27, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

## I.     INTRODUCTION

Plaintiff Danny Liles ("Plaintiff"), an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 to § 2083. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.     BACKGROUND

Plaintiff alleges that he was injured by the "direct use of dangerous and harmful pharmaceutical products" manufactured by Defendants Proctor and Gamble Company ("Proctor & Gamble") and Astra Zeneca Manufacturing Co. ("Astra Zeneca").[1] (D.I. 3 at 1). Plaintiff alleges that he suffered a comatose condition, partial blindness, irreversible damage to his esophagus, and he has a titanium plate lodged in his brain from the use the medication. (*Id*. at 2). Plaintiff raises his claims under the CPSA. (*Id*. at 1, 3). He also alleges violations of his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* at 3).

Plaintiff seeks ten million dollars in compensatory damages as well as punitive damages. (*Id*.)

---

[1]     Plaintiff identifies the medication as Seroquel and Comeprazole. Because there is no identifiable drug as Comeprazole, it appears Plaintiff refers to Omeprazole. Seroquel is an antipsychotic medication used to treat schizophrenia, bipolar disorder, and depression. *See* https://www.drugs.com/seroquel.html (last visited June 24, 2019). Omeprazole is used to treat symptoms of gastroesophageal reflux disease and other conditions caused by excess stomach acid and is used to promote healing of erosive esophagitis. *See* https://www.drugs.com/omeprazole.html (last visited June 24, 2019).

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is

entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. **DISCUSSION**

    A. **Consumer Products Safety Act**

Plaintiff asserts that Defendants violated the CSPA. The Act, 15 U.S.C. § 2053, *et seq*. imposes a duty on manufacturers, distributors, and retailers of consumer products a duty to inform the Consumer Products Liability Commission ("Commission") of any product that "creates an unreasonable risk of serious injury or death." 15 U.S.C. § 2064(b)(3). While the CPSA authorizes private civil suits for damages, the private right of action is limited to knowing or willful "violation[s] of a consumer product safety rule, or any other rule or order issued by the Commission." 15 U.S.C. § 2072(a). Accordingly, the plain language of the statute restricts the private right of action to violations of Commission rules or orders. *See Cook v. Purdue Pharma*, 2008 WL 1957858, at * 3 (E.D. Va. May 2, 2008). There are no allegations to suggest that Plaintiff sues Defendants on the basis of their knowing or willful violation of a Commission rule or order. In addition, a manufacturer, distributor, or retailer's failure to disclose product defects as required by 15 U.S.C. § 2064 does not give rise to a private cause of action under 15 U.S.C. § 2072 to any person who alleges that he was injured by reason of such failure to report. *See Morris v. Coleco Indus.*, 587 F. Supp. 8, 9 (E.D. Va. 1984).

Accordingly, Plaintiff fails to state a claim under the CPSA and, to the extent that was his intent, the claim will be dismissed. The CPSA claims lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

4

### B. Constitutional Claims

Plaintiff also alleges violations of his right to due process under the Fifth and Fourteenth Amendments. To state a cause of action under 42 U.S.C. § 1983 – the statutory provision that provides for civil actions when alleging a violation of constitutional rights – a plaintiff must allege facts sufficient to indicate that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

To qualify as "state action," the challenged conduct "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and the "party charged with [such conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). In addition, for private parties, like Defendants, to be held liable under § 1983, a plaintiff must allege facts sufficient to show that the private party engaged in a conspiracy with state actors to deprive him of his constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickess v. Kress & Co.*, 398 U.S. 144, 152 (1970).

The Complaint does not meet the pleading requisites to state a claim under § 1983. There are no allegations that Defendants are state actors or that they engaged in a conspiracy with state actors to deprive Plaintiff of his rights protected by the Constitution. The claim fails and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Deficiently Pled

Finally, the Complaint is deficiently pled. The Complaint does not indicate when or where Plaintiff took the medication at issue. Nor does it indicate where or when he suffered the alleged affects of the medication. One drug, as named, does not exist. Nor does Plaintiff indicate if

Defendants each manufactured the medications or if the medication was manufactured by only one Defendant. The Complaint simply does not meet the pleading requirements of *Twombly* and *Iqbal*. Hence, it will be dismissed.

V.  **CONCLUSION**

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for summary judgment, motion for declaratory judgment, and motion for reconsideration (D.I. 13, 14, 21); and (2) dismiss the Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate Order will be entered.